Reversed and Remanded and Majority Opinion and Concurring and Dissenting
Opinion filed March 6, 2008








Reversed and Remanded and
Majority Opinion and Concurring and Dissenting Opinion filed March 6, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00714-CV

____________

 

GRAYBAR ELECTRIC CO., INC., Appellant

 

V.

 

LEM & ASSOCIATES, L.L.C., Appellee

 



 

On Appeal from the 165th
District Court

Harris County, Texas

Trial Court Cause No. 04-14628

 



 

C O N C U R R I N G  A N D   D I S S E N T I N G  O P I N I O N

I
respectfully concur in part and dissent in part.

I agree
with the Majority Opinion up to the disposition of Graybar=s 13th issue dealing with attorney=s fees.  In my opinion, if the trial
court erred, the error was harmless, and accordingly Graybar=s 13th issue should be overruled.








The
portion of the Majority Opinion with which I concur holds that the Change Order
is the contract, and that Lem is entitled to full recovery of all amounts due
under the contract.  Graybar is not entitled to any offsets.  Graybar owes Lem
100% of the amounts due under the contract.  Accordingly, Graybar is not a Aprevailing party@ in any sense of the term.[1] 
As a matter of law, Graybar is not entitled to recover attorney=s fees.  

The
trial court=s judgment does not award Graybar any attorney=s fees, and therefore the trial court=s judgment is correct in this
regard.  If, as the Majority Opinion states, the trial court arrived at this
correct result in an incorrect manner, then the trial court=s error is clearly harmless.  See
Tex. R. App. P. 44.1(a).[2]

We
should overrule Graybar=s 13th issue.

 

 

/s/      Margaret Garner Mirabal

Senior Justice

 

Judgment rendered and Majority
Opinion and Concurring and Dissenting Opinion filed March 6, 2008.

Panel
consists of Justices Anderson, Frost, and Mirabal.* (Anderson, J., concurring without opinion) (Frost, J., majority).









[1]With
regard to the $100,000 judgment on Graybar=s
counterclaim, the Majority Opinion correctly recognizes that the $100,000 Acredit@ contained in the Change
Order cancels out the $100,000 award in the counterclaim.  Graybar owes the
full amount due under the Change Order, and is not entitled to any offsets or
credits to lessen its contract obligations under the Change Order.  The
counterclaim judgment is effectively meaningless.  Graybar is not a prevailing
party.





[2]
Rule 44.1 Reversible Error in Civil Cases.

(a) Standard for reversible
error. No judgment may be reversed on appeal on the ground that the trial
court made an error of law unless the court of appeals concludes that the error
complained of:

(1)probably caused the rendition
of an improper judgment; or

(2)probably prevented the
appellant from properly presenting the case to the court of appeals.

Tex. R. App.
P. 44.1(a).





*Senior
Justice Margaret Garner Mirabal sitting by assignment.